E-FILED  2024 SEP 17 11:58 AM GUTHRIE - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR GUTHRIE COUNTY

| | |
|---|---|
| LUKE DAHL,<br><br>        Plaintiff,<br><br>vs.<br><br>CITY OF STUART,<br><br>        Defendant. | Case No. __LACV083626__<br><br><br><br><br>**PETITION**<br>**AND**<br>**JURY DEMAND** |

COMES NOW the Plaintiff and states the following for his cause of action against the Defendant:

### INTRODUCTION

1.     This is an action under the Uniformed Services Employment and Reemployment Rights Act ("USERRA") challenging Defendant's unlawful discrimination and adverse employment actions against the Plaintiff.

2.     Plaintiff Luke Dahl is a resident of Adair County.

3.     Defendant City of Stuart is a political subdivision of the State of Iowa.

4.     The acts of which Plaintiff complains occurred in Guthrie County.

5.     This Court has jurisdiction over this matter pursuant to 38 U.S.C. § 4323(b)(2), which provides that a USERRA claim against a political subdivision of a state "may be brought in a State court of competent jurisdiction in accordance with the laws of the State."

### BACKGROUND FACTS

6.     In 2009, Plaintiff Luke Dahl enlisted in the Iowa Army National Guard.

7.     Luke is a fully credentialed, Nationally Registered Paramedic with Critical Care Paramedic Certification.



1

E-FILED  2024 SEP 17 11:58 AM GUTHRIE - CLERK OF DISTRICT COURT

8.      Luke continues to serve in the Iowa Army National Guard as an Army Flight Paramedic on a UH-60 Blackhawk helicopter for a unit based in Waterloo.

9.      Luke's ongoing military service requires him to attend drill two to three days per month, with an additional two weeks of training each year, other required Army schools, and UH-60 flight crew hour minimums.

10.      In November 2016, Luke began working for Defendant City of Stuart as a full-time Paramedic.

11.      In approximately 2019 or 2020, the City reclassified Luke's position as part-time, although he continued to work full-time hours.

12.      As a result of the City's change in Luke's classification, he no longer received health insurance benefits like other full-time City employees.

13.      In approximately 2022, the City promoted Luke to Assistant Director, a full-time position, but did not provide him with health insurance benefits offered to other full-time City employees.

14.      On May 20, 2024, Luke's supervisor, EMS Director Sean Bovinett, called Luke into a meeting on his day off.

15.      Bovinett told Luke that "his" budget was "hurting" because he was a salaried employee was taking days away "for military training."

16.      Bovinett told Luke that, because of Luke's military service obligations, he wanted to modify Luke's pay from salary to hourly.

17.      Bovinett told Luke that, because of Luke's military service obligations, he wanted to demote Luke.

18.      Bovinett told Luke that he planned to promote Dustin Capps, a part-time paramedic who does not serve in the military, to replace Luke as Assistant Director.

E-FILED  2024 SEP 17 11:58 AM GUTHRIE - CLERK OF DISTRICT COURT

19.     Luke told Bovinett that demoting him because of his military service would be illegal.

20.     Luke reported Bovinett's illegal intentions to City Administrator Ashraf Ashour.

21.     Ashour told Luke he would talk to Bovinett about the situation, but Luke heard nothing back from either Bovinett or Ashour.

22.     During a special meeting of the Stuart City Council on June 12, 2024, Bovinett presented a plan to the Council to "restructure" Stuart Rescue.

23.     Under Bovinett's "restructuring" plan, he would remain EMS Director, Capps would be promoted to EMS Coordinator, and Luke's Assistant Director position would be eliminated.

24.     The EMS Coordinator position proposed by Bovinett was functionally identical to the Assistant Director position held by Luke.

25.     Bovinett's purported "restructuring" was the same as the plan he presented to Luke on May 20, 2024: he was going to demote Luke because of his military service and promote Capps to replace him.

26.     On June 25, 2024, Bovinett fired Luke.

27.     During a meeting with Luke and Mayor Dick Cook, Bovinett told Luke he was being fired for mishandling patient information, responding to fire calls while on duty as a paramedic, and for timecard or scheduling discrepancies.

28.     It was Bovinett, not Luke, who was responsible for mishandling patient information.

29.     Bovinett had previously approved Luke's responses to fire calls.

30.     Luke never engaged in any wrongdoing regarding his timecard or scheduling.

31.     Bovinett's claimed reasons for firing Luke were a pretext for his true, illegal motivation.

32.     Bovinett, acting on behalf of the City, fired Luke because of his military service.

E-FILED  2024 SEP 17 11:58 AM GUTHRIE - CLERK OF DISTRICT COURT

33.     Sean Bovinett was an employee and/or agent of the City of Stuart, acting at all material times within the scope of his employment and/or agency.

## COUNT I
## VIOLATION OF 38 U.S.C. CHAPTER 43 (USERRA)

34.     Plaintiff repleads paragraphs 1 through 33 as if fully set forth herein.

35.     At all material times, Plaintiff was a member of and performed service in a uniformed service.

36.     At all material times, Plaintiff was an employee of Defendant.

37.     Defendant denied Plaintiff retention in employment and other benefits of employment on the basis of Plaintiff's membership and performance of service in a uniformed service.

38.     Plaintiff took action to enforce the protections afforded to him under USERRA and exercised a right provided for under USERRA by notifying Defendant of his ongoing need for military leave for his drill and training time, and by objecting to Defendant's plan to demote him because of his military service.

39.     Defendant discriminated in employment or took adverse action against Plaintiff by attempting to demote him, attempting to "restructure" a City department to demote him, and by firing him, because Plaintiff took action to enforce the protections afforded to him under USERRA and a right provided for under USERRA.

40.     Defendant's violation of USERRA was willful.

41.     Plaintiff's rights under USERRA, and the prohibitions against discrimination and retaliation under USERRA, were clearly established at the time Defendant violated the law.

42.     As a result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer damages including lost wages, benefits, and other emoluments of employment, and emotional distress.

E-FILED  2024 SEP 17 11:58 AM GUTHRIE - CLERK OF DISTRICT COURT

WHEREFORE, Plaintiff demands judgment against Defendant in an amount which will fully and fairly compensate him for his injuries and damages, for appropriate equitable and injunctive relief, including reinstatement, for liquidated damages, for prejudgment and postjudgment interest, for attorneys' fees and litigation expenses, for the costs of this action, and for such other relief as may be just in the circumstances and consistent with the purposes of USERRA.

## JURY DEMAND

COMES NOW the Plaintiff and demands a trial by jury.

Respectfully submitted,

*/s/ Nathan Borland*
**TIMMER, JUDKINS & BORLAND, P.L.L.C.**
Nathan Borland AT0011802
nate@tjb.law
1415 28th Street, Suite 375
West Des Moines, IA 50266
Telephone: (515) 259-7462
Fax (515) 361-5390
**ATTORNEYS FOR PLAINTIFF**

E-FILED  2024 SEP 17 11:58 AM GUTHRIE - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR GUTHRIE COUNTY

| | |
|---|---|
| LUKE DAHL, | CASE NO. ___LACV083626___ |
| Plaintiff, | |
| vs. | |
| CITY OF STUART, | **ORIGINAL NOTICE** |
| Defendants. | |

TO THE ABOVE-NAMED DEFENDANT:  **CITY OF STUART**

     You are notified that a Petition at Law has been filed in the office of the clerk of this court naming you as a defendant in this action.  A copy of the Petition is attached to this notice. The attorney for the plaintiff is Nathan Borland of Timmer, Judkins & Borland, P.L.L.C., whose address is 1415 28th Street, Suite 375, West Des Moines, IA 50266. Their phone number is (515) 259-7462; facsimile number (515) 361-5390.

     You must serve a motion or answer within 20 days after service of this original notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Guthrie County.  If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

     If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (515) 561-5818.  (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).


_____
CLERK OF COURT
Guthrie County Courthouse
Guthrie Center, Iowa

**IMPORTANT:**
**You are advised to seek legal advice at once to protect your interests.**

E-FILED  2024 SEP 17 3:38 PM GUTHRIE - CLERK OF DISTRICT COURT

# Iowa Judicial Branch

*Case No.*  **LACV083626**

*County*  **Guthrie**

*Case Title*  LUKE DAHL V. CITY OF STUART

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential.  For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(515) 286-3394** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/.  **Disability access coordinators cannot provide legal advice.**

*Date Issued*  **09/17/2024 03:38:40 PM**



*District Clerk of Court or/by Clerk's Designee of* Guthrie         *County*

**/s/ Rebecca Peterson**

E-FILED  2024 SEP 24 11:33 AM GUTHRIE - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR GUTHRIE COUNTY

| | |
|---|---|
| LUKE DAHL, | Law No. LACV083626 |
|      Plaintiff, | |
| vs. | **ACCEPTANCE OF SERVICE** |
| CITY OF STUART, | |
|      Defendant. | |

**COMES NOW** Janice M. Thomas, and hereby accepts service of this Original Notice and

Petition at Law and Jury Demand that was filed on September 17, 2024, on behalf of the defendant,

City of Stuart, Iowa.

Dated this 24th day of September, 2024.

/s/ Janice M. Thomas

Janice M. Thomas         AT0007822
Sarah E. Schleisman      AT0015320
LAMSON DUGAN & MURRAY LLP
6400 Westown Parkway, Suite 280
West Des Moines, IA 50266
Phone: (515) 513-5003
Email: jthomas@ldmlaw.com
       sschleisman@ldmlaw.com
**ATTORNEYS FOR DEFENDANT
CITY OF STUART, IOWA**

Original efiled.

Copy to:

Nathan Borland
TIMMER, JUDKINS & BORLAND, P.L.L.C.
1415 28th Street, Suite 375
West Des Moines, IA 50266
Phone: (515) 259-7462
Fax    (515) 361-5390
Email: nate@tjb.law
**ATTORNEYS FOR PLAINTIFF**

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon the attorneys listed above at their respective addresses/fax number/e-mail addresses as disclosed by the pleadings of record herein, on the 24th day of September, 2024.

By:    ☐ U.S. Mail      ☐ FAX
       ☐ Email         ☐ Overnight Mail
       ☐ Hand Delivery  ☒ EDMS
       ☐ Certified Mail   ☐ Other: _____

/s/ Lisa Elliott
Lisa Elliott